MARY I. SWEENEY, petitioner,

v.

DANIEL A. SWEENEY, defendant.

[Submitted July 25th, 1923. Determined November 30th, 1923.]

1. Where alimony is ordered in a decree *nisi* in a suit for divorce such order remains in force until the court otherwise orders.

2. Application may be made concerning alimony at any time after final decree, and even after the enrollment of the decree.

---

On petition to modify decree.

*Mr. Albert S. Woodruff,* for the petitioner.

*Mr. James Mercer Davis,* for the defendant.

INGERSOLL, V. C.

The facts of this case are that the petitioner filed her petition for divorce on November 21st, 1921, alleging adultery. The matter proceeded on petition, answer and oral proof taken in open court, with the result that a decree *nisi* was advised on the 31st day of May, 1922, by Advisory Master Grey. In the decree *nisi* it was ordered and adjudged "that the said defendant pay to the petitioner for the maintenance of herself and the two children of the marriage aforesaid the sum of $15 each and every week until the further order of this court, and that the defendant pay to the solicitors of the petitioner the sum of $50 as counsel fee, and that he do further pay the costs of this suit incurred, and to be incurred, to be taxed, and that the petitioner do have execution therefor, according to the practice of this court."

On the 1st day of December, 1922, the final decree was entered, wherein it was ordered, that the said decree *nisi* be made and become absolute and "that the said petitioner and said defendant are divorced from the bonds of matrimony for the cause aforesaid, and the marriage between the said petitioner and the said defendant is hereby dissolved accordingly, and the said parties and each of them are and is hereby freed and discharged from the obligation thereof."

A petition was filed by the defendant praying that the decree *nisi* and the final decree entered thereon be modified, alleging the inability of the defendant, by reason of his physical condition, to pay the alimony ordered.

The first question to determine—does that portion of the decree *nisi* "ordering" the defendant to "pay to the petitioner for the maintenance of herself and the two children of the marriage aforesaid the sum of $15 each and every week until the further order of this court" remain in effect after the final decree is entered. The final decree not including, in terms, the order for alimony.

Mr. Biddle, in his *Divorce Practice (2d ed.) 138,* says:

"It will be observed that nothing is *nisi* except the determination of the status. Whatever else is written on the same sheet of paper may for convenience be called a part of the decree *nisi,* but it prop-

erly decerns, and is interlocutory or final, according to the nature of the subject dealt with, and the terms of the order disposing of it. Thus, the decree for costs is final; that for the custody of children is usually so, subject, of course, to the ever-continuing statutory power to modify or repeal."

And concerning alimony (on *p. 151*):

"Under the former phrasing of this section it was considered doubtful whether, if the final decree was silent as to the matter. alimony could afterwards be awarded. But the present act is considered to leave every case open for future application, without any express reservation in the decree. The decree *nisi* is considered a sufficient adjudication to permit of the allowance of permanent alimony to a wife in whose favor the decree is made."

Since the present Divorce act was enacted it has been the accepted practice to consider the order (concerning alimony) in the decree *nisi,* as being in force and effect until otherwise ordered. Even if the final decree is silent on the subject application may be made concerning alimony at any time after final decree and after enrollment of the decree. Section 25 of Divorce act, *2 Comp. Stat. pp. 2021, 2035 (Rev. 1907)*: *McKensey* v. *McKensey, 65 N. J. Eq. 633.*

This view does not conflict with *McGrail* v. *McGrail, 51 N. J. Eq. 537,* and *Swallow* v. *Swallow, 84 N. J. Eq. 109.*

In each of these cases the order was by its terms limited in time to the pendency of the suit.

The decree *nisi,* containing the order now under consideration. was by the decree final made absolute. By the statute above referred to "it is now lawful for the court to make such order touching the alimony of the wife * * * as by the circumstances * * * shall be rendered fit."

It follows, therefore, that the petition is timely and the court has jurisdiction.

The defendant was on the stand and his manner and appearance were convincing, that he was at that time unable to work, and I am satisfied that he was unable either to support himself or his family.

Before making an order, however, I desire to have the defendant called as a witness. This may be done on the 20th day of December, 1923, at the chancery chambers, at Camden.